**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| **In re** | **Chapter 7** |
| **BALASINGAM BALAKUMAR and** | |
| **THEVIKA BALAKUMAR,** | **Case No. 19-21384 (JJT)** |
| **Debtors.** | |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS**
**FOR IMPROPER VENUE**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), through counsel, moves to dismiss the chapter 7 case of debtors Balasingam and Thevika Balakumar (the "Debtors") for improper venue pursuant to 28 U.S.C. § 1408 and Bankruptcy Rule 1014(a)(2).[1] In support of his motion, the United States Trustee states the following:

## *FACTS*

1. On August 6, 2019, the Debtors filed a voluntary petition ("Petition") for relief under chapter 7 of the Bankruptcy Code ("Petition Date"). On or about the same date, the United States Trustee appointed Bonnie Mangan, Esq. to serve as the chapter 7 trustee (the "Trustee").

2. The Debtor is represented by Jonathan Cohen ("Debtor's Counsel").

3. The Debtors' Petition states that they live at 990 Fielding Court, Windsor, Ontario, N9G2S9, Canada. ECF 1 at Petition, question 5.

---

[1] The United States Trustee has standing to file this motion. *See* Fed. R. Bankr. P. 1014(a); 11 U.S.C. § 307; *In re Ross*, 312 B.R. 879, 886 (Bankr. W.D. Tenn. 2004).

1

4. The Debtors' Petition does not indicate that their mailing address is different from the address at which they live. *Id.*

5. The Debtors' Schedule I reports that Mr. Balakumar's is employed as a professor at the University of Windsor, in Windsor, Ontario, Canada, and that he has been so employed for two years. ECF 1 at Schedule I. Ms. Balakumar is listed as "not employed." *Id*.

6. The Debtors' assets consist of real property, located at 990 Fielding Court, Windsor, Ontario, Canada, a 2011 Nissan Altima, household goods, electronics, clothing, jewelry, and three bank accounts: two checking accounts held at Scotiabank with balances of $2,551.64 and $60.20, and one checking account held at Bank of America with a balance of $14.48. *Id*. at Schedule AB.

7. According to the Debtors' schedules, the Debtors asset values total $493,862.32, of which only $14.48 is located in Connecticut. *See* ECF 1.

8. The Debtors have primarily consumer debts. ECF 1 at Petition at question 16.

9. The sole debt listed by the Debtors on Schedule D is mortgage owed to WFCU, which is located at 455 Wyandottle Street West, Windsor, Ontario, Canada. ECF 1 at Schedule D.

10. On Schedule EF, the Debtors list general unsecured debt totaling $77,506.00 owed to nine (10) creditors, all of which are credit card debts. ECF 1 at Schedule EF.

11. The Debtors has claimed federal exemptions in their case. ECF 1 at Schedule C.

## *ARGUMENT*

Pursuant to 28 U.S.C. § 1408, venue is proper in any jurisdiction where a debtor has a domicile, residence, principal place of business, or where the debtor's principal assets are located for the 180 days immediately preceding the petition date or for a longer portion of the 180-day period preceding the petition date. The question of domicile is a mixed question of fact and law as determined by evidence, and the "pertinent evidence is the totality of a person's contacts with a state and his intention to remain there." *In re Frame*, 120 B.R. 718, 723 (Bankr.

S.D.N.Y. 1990). For venue purposes, residency is "a permanent residence, one's home, as distinguished from a mere stopping place for the transaction of either business or pleasure." *Id.* When evaluating venue, courts cannot consider equitable arguments: "The venue statute is clear and the Court can't apply equity, while overlooking the statute." *In re Ross*, 312 B.R. 879, 891 (Bankr. W.D. Tenn. 2004). Nor can the court consider convenience to a debtor when considering venue under 28 U.S.C. § 1408. *Id.* at 885.

The Debtors are plainly domiciled in Canada. The Debtors' home, vehicle, personal property, with the exception of an account held at Bank of America, are all located in Canada. The only connections to Connecticut is the Bank of America checking account, which has a de minimus balance. Having incurred debt while in Connecticut in the past, does not provide a basis for venue in Connecticut. The Debtors cannot establish that venue is proper in Connecticut. As such, the Debtors' case should be dismissed for improper venue under 28 U.S.C. § 1408.

Dated:  August 21, 2019          Respectfully submitted,
     New Haven, Connecticut     WILLIAM K. HARRINGTON
                                          UNITED STATES TRUSTEE FOR REGION 2

                              By:    /s/ *Kari A. Mitchell*
                                         Kari A. Mitchell /phv08341
                                         Trial Attorney
                                         Office of the United States Trustee
                                         Giaimo Federal Building, Room 302
                                         150 Court Street
                                         New Haven, CT 06510
                                         (203) 773-2210

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| **In re** | **Chapter 7** |
| **BALASINGAM BALAKUMAR and** | |
| **THEVIKA BALAKUMAR,** | **Case No. 19-21384 (JJT)** |
| **Debtors.** | |

### ORDER GRANTING UNITED STATES TRUSTEE'S MOTION TO DISMISS FOR IMPROPER VENUE

The United States Trustee having moved to dismiss the chapter 7 case of debtors Balasingam Balakumar and Thevika Balakumar (the "Debtors") for improper venue pursuant to 28 U.S.C. § 1408 and Bankruptcy Rule 1014(a)(2), and after notice and a hearing, and the Court having found that venue is not proper in Connecticut, it is hereby

**ORDERED** that the Debtors' case is dismissed without prejudice.